CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ronald Schoors**, <br><br> Plaintiff, <br><br> v. <br><br> **Paul Whitaker**; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Ronald Schoors complains of Defendants Paul Whitaker; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff has a Disabled Person Parking Placard issued to him by the State of California.

2. Plaintiff suffers from congestive heart failure, cardiomyopathy, recurring transient ischemic attacks and has left-side weakness from two strokes, one of which left him with brain damage. Plaintiff suffers from ongoing and episodic seizures. Plaintiff has a pacemaker in his chest, which helps control abnormal heart rhythms.

1

Complaint

3.   As a result of the physical impairments identified above, plaintiff is significantly limited in his ability to ambulate. He is subject to black-outs and falls, is unsteady on his feet, and uses a cane for mobility. He cannot walk for any significant distances without having to periodically stop, get his heart rate down, and rest. Finally, plaintiff is unable to lift anything over 20 pounds.

4.   Defendant Paul Whitaker owned the property located at or about 54225 N. Circle Drive, Idyllwild, California, in January 2017.

5.   Defendant Paul Whitaker owned the property located at or about 54225 N. Circle Drive, Idyllwild, California, in February 2017.

6.   Defendant Paul Whitaker owns the property ("Shopping Center") located at or about 54225 N. Circle Drive, Idyllwild, California, currently.

7.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates rights under the Americans with Disabilities Act.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

11. The Plaintiff went to the Shopping Center in January 2017 and February 2017 to shop. Plaintiff visits Idyllwild on a monthly basis and he will continue to do so in the future.

12. The Shopping Center is a facility open to the public, a place of public accommodation, and a business establishment.

13. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons at the Shopping Center.

14. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during plaintiff's visits.

15. Instead, defendants have reserved two parking spaces for persons with disabilities but these parking spaces lack access aisles. Indeed, there are no access aisles whatsoever.

16. Additionally, there is an insufficient number of parking spaces reserved for persons with disabilities in the parking lot. There are approximately 55 parking spaces but only 2 spaces are reserved for persons with disabilities (and, as mentioned previously, those parking spaces are not accessible).

Complaint

17. On information and belief, plaintiff alleges that there used to be at least three accessible parking spaces in the parking lot serving the Shopping Center prior to plaintiff's visits.

18. Plaintiff alleges, on information and belief, defendants allowed the parking spaces that were previously reserved for persons with disabilities to fade away into oblivion or get paved over.

19. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Shopping Center.

20. The defendants had no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remained useable prior to plaintiff's visits.

21. The defendants have no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remain useable currently.

22. Restrooms are one of the facilities, privileges and advantages reserved by defendants to persons at the Shopping Center.

23. Unfortunately, the restroom, which was designated for customer use, was not accessible on the day of plaintiff's visits.

24. The restroom provides a toilet stall. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there were no grab bars.

25. Additionally, the height of the toilet, when measured to the top of the toilet seat is 15.5 inches. This is not accessible to plaintiff.

26. Plaintiff personally encountered these barriers.

27. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

28. Plaintiff visits this area on a regular and ongoing basis. Plaintiff would

Complaint

like to patronize the Shopping Center when he visits Idyllwild.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. For example, there are numerous paint/stripe companies that will come and stripe a parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in fully compliance with federal and state access standards.

32. Meanwhile, installing grab bars in the restroom is an inexpensive task that is accomplished with very little cost (no more than $400).

33. Finally, installing a compliant toilet seat – that is just 1.5 inches higher – can be done with relatively little cost. The cost to get an accessible toilet seat is around $100.

34. Plaintiff is and has been deterred from returning and patronizing the Shopping Center because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Shopping Center as a customer once the barriers are removed.

35. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site

Complaint

inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

36. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

38. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

6

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D." and

c. A failure to "maintain in operable working condition those features . . . required to be readily accessible and useable by persons with disabilities . . . ." 28 C.F.R. § 36.211(a);

39. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

40. Here, the lack of an accessible parking space is a violation of the law.

41. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 55 spaces, it must have 3 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 55 spaces must have 3 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. *Id.* at 208.2.4.

42. Here, there were just two spaces reserved for persons with disabilities and those spaces were not compliant with the law.

43. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

44. The height of water closets (toilets) must be from 17 inches to 19

Complaint

inches, measured to the top of the toilet seat.

45. Here the toilet is too low and does not comply with the ADA.

46. Toilet stalls can conform to the "standard" stall arrangement or an alternate stall arrangement but in either case, there needs to be two grab bars mounted on adjacent or parallel walls next to the toilet for use by persons with disabilities. 1991 Standards § 4.17.6.

47. Here the failure to provide such grab bars is a violation of the law.

48. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

49. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

50. Given its location and options, plaintiff will continue to desire to patronize this Shopping Center but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

51. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

52. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

53. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

Complaint

also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §
55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000 for each incident/offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52 and Code of Civil Procedure § 1021.5.

Dated: March 1, 2017        CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorneys for plaintiff

9

Complaint